IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY <br>     Plaintiff | § § § § | |
| vs. | § § | Civil Action No: _____ |
| ERIC ADSIT <br>     Defendant | § § § | |

## COMPLAINT

Plaintiff Reliance Standard Life Insurance Company, as assignee of the claims of Anthony Adsit ("Reliance" or "Assignee"), files this Complaint against Defendant Eric Adsit and shows the Court as follows:

### I.

### PARTIES

1. Assignee is a life insurance company organized under the laws of the State of Pennsylvania and which maintains a principal place of business in Philadelphia, Pennsylvania. Assignee is a citizen of the State of Pennsylvania within the meaning and intent of 28 U.S.C. § 1332.

2. Defendant Adsit is a citizen of the State of Tennessee and lives within the Middle District of Tennessee in Stewart County in the city of Dover. He may be served at 1411 Antioch Road, Dover, Tennessee 37058, or wherever he may be found.

### II.

### JURISDICTION & VENUE

3. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332

because the action is between the citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District and within the Nashville Division.

## III.

## NATURE OF THE CASE

5. This is an action for life insurance proceeds paid to Defendant for the benefit of Defendant's son, Anthony Adsit, a minor at the time. Defendant failed to use the proceeds to benefit his son during his son's childhood and refused to relinquish the proceeds upon his son reaching the age of majority. Defendant's son brought a claim against Reliance, which Reliance resolved for, among other things, an assignment of Defendant's son's assignment of all his claims against Defendant to Reliance.

## IV.

## FACTS

6. Defendant and Tracy Adsit were married in Texas in 1999.

7. Defendant's son was born in Texas in 2001.

8. The couple had no other children.

9. The couple divorced in Texas in 2003.

10. Tracy Adsit began working in Texas for the Conroe Independent School District in 2009.

11. Through her employment with the school district, Tracy Adsit obtained an accidental death & dismemberment insurance policy numbered VAR053228 (the "Policy") issued by Reliance.

12. The school district deducted the premiums for the Policy from Tracy Adsit's paycheck.

13. The coverage consisted of a $130,000 accidental death benefit, a $26,000 seat belt benefit, and a $6,500 air bag benefit for a total benefit of $162,500.

14. Tracy Adsit designated her son Anthony Adsit as the sole beneficiary of the Policy.

15. Tracy Adsit was killed in a car accident in 2009 when her son was just 8 years old.

16. After Tracy Adsit's death, Defendant's son Anthony Adsit lived with Defendant first in Texas and eventually in Tennessee.

17. In 2010, Reliance sent three letters to Defendant in Texas in an effort to obtain the paperwork necessary to pay the Policy's proceeds to the beneficiary's guardian.

18. Defendant sent a letter to Reliance in March 2011, stating that he was the guardian of his son's estate and provided a 2009 Order in Suit to Modify Parent-Child Relationship granted by a Texas court in the aftermath of Defendant's divorce from Tracy Adsit.

19. Defendant, however, was never appointed a guardian by a probate court and never received nor provided certified letters of guardianship as required by Texas law.

20. In April of 2011, Reliance sent three checks to Defendant in Texas totaling the benefit amount of $162,500.

21. In advance of his eighteenth birthday, Defendant's son Anthony Adsit wrote to Reliance demanding the full proceeds of the Policy plus interest be paid to him on his birthday.

22. Reliance responded that it had paid the proceeds to Defendant, "the Conservator of your Estate."

23. Anthony Adsit replied that he had no Conservator.

24. Anthony Adsit's counsel wrote to Defendant in Tennessee in August 2019 to inquire about the proceeds.

2860536v.1

25. Defendant responded in September 2019, stating: "There were no judicial decisions and/or assignments of Conservatorship of Estate for Anthony Adsit in regards to the checks sent by Reliance Standard. . . . There were no court orders planning for expenditure of the checks written by Reliance Standard. … The money your client is requesting was used and/or spent by your client as a Tennessee resident.… Anthony Adsit and I spoke prior to any and all funds being spent with mutual agreeance here in the State of Tennessee."

26. At the time of the supposed "mutual agreeance," Defendant's son Anthony Adsit was a minor.

27. Anthony Adsit turned eighteen years old in 2019.

28. Thereafter, Anthony Adsit brought suit against Reliance in a case styled C.A. 4:19-cv-3738; *Anthony Adsit v. Reliance Standard Life Insurance*; In the United States District Court, Southern District Texas, Houston Division.

29. Anthony Adsit denied that Defendant spent any of the proceeds on him.

30. Reliance resolved the suit brought by Anthony Adsit for, among other things, an assignment of all Anthony Adsit's claims against Defendant to Reliance.

31. As an Assignee, Reliance stands in the shoes of Defendant's son, Anthony Adsit.

## V.

## APPLICABLE LAW

32. To the extent any conflict exists between Texas and Tennessee law, Reliance asserts Texas law applies.

### COUNT 1 – CONVERSION

33. Reliance incorporates paragraphs 1 through 32 of this complaint as if fully set forth herein.

34. Anthony Adsit owned the life insurance benefits at issue and was entitled to receive them.

35. Defendant assumed and exercised dominion and control over the life insurance benefits in an unlawful and unauthorized manner, to the exclusion of and inconsistent with his son's rights.

36. Defendant refused his son's demand for return of the benefits. Defendant's son has been damaged and Reliance is the assignee of that damages claim.

## COUNT 2 – BREACH OF FIDUCIARY DUTY

37. Reliance incorporates paragraphs 1 through 36 of this complaint as if fully set forth herein.

38. Defendant and his son had a fiduciary relationship.

39. Defendant breached his fiduciary duty to his son by his conduct with respect to the life insurance benefits that belonged to his son.

40. Defendant's breach proximately caused injury to his son and benefitted Defendant. Reliance is the assignee of that claim.

## COUNT 3 – MONEY HAD AND RECEIVED

41. Reliance incorporates paragraphs 1 through 40 of this complaint as if fully set forth herein.

42. Defendant holds money. The money belonged to his son (and now Assignee) in equity and good conscience.

43. Assignee is entitled to receive this money in he amount of $162,500 plus applicable interest.

WHEREFORE, plaintiff Reliance Standard Life Insurance Company respectfully requests that this Court enter a judgment:

5
2860536v.1  Case 3:20-cv-00697   Document 1   Filed 08/14/20   Page 5 of 6 PageID #: 5

(1) Creating a constructive trust for all amounts received by defendant from plaintiff and interest thereon;

(2) Requiring an accounting of all amounts received by defendant from plaintiff;

(3) Awarding plaintiff compensatory damages in the amount of $162,500;

(4) Awarding plaintiff interest on the $162,500 since defendant received it;

(5) Awarding plaintiff exemplary damages if available under law for the breach of fiduciary duty;

(6) Awarding plaintiff pre- and post-judgment interest at the highest rate allowed by law; and

(7) awarding plaintiff any other relief to which it may be entitled, including attorneys' fees and cost.

> QUATTLEBAUM, GROOMS & TULL PLLC
> 4100 Corporate Center Drive, Suite 310
> Springdale, Arkansas 72762
> Telephone: (479) 444-5200
> Facsimile: (479) 444-5255
> bcate@qgtlaw.com
>
> By: /s/ Brandon B. Cate
>       Brandon B. Cate (BPR No. 21854)
>
> *Attorneys for Reliance Standard Life Ins. Co.*